IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-63,014-02






EX PARTE LAZARO MUNOZ MOTTU, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 724464 IN THE 337TH DISTRICT COURT

HARRIS COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of possession of a controlled substance, and
punishment was assessed at five (5) years' confinement. No direct appeal was taken.

 Applicant contends that the terms of the plea bargain in this case have not been
honored, inasmuch as the plea agreement included provisions that, as to another case,
Applicant's probation would be revoked and he would receive credit in that case for jail time
served as a condition of probation.

 The trial court has entered findings of fact or conclusions of law finding that
Applicant's alleged error is related to another case, cause number 688247, and therefore does
not relate to his conviction or punishment in the instant cause number. However, we do not
believe that those findings are sufficient to completely resolve the issues presented. Because
Applicant has stated facts requiring resolution and because this Court cannot hear evidence,
it is necessary for the matter to be remanded to the trial court for resolution of those issues. 
The trial court shall resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, §
3 (d), in that it may refer to any plea agreement papers filed with the court in this case, order
affidavits, depositions, or interrogatories from counsel and from the appropriate officials at
the Texas Department of Criminal Justice, Correctional Institutions Division, or it may order
a hearing. In the appropriate case the trial court may rely on its personal recollection.

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 The trial court shall then make findings of fact as to whether: the plea agreement in
this case included provisions that Applicant's probation in another case would be revoked
and he would receive credit in that case for jail time served as a condition of probation; if so,
what steps, if any, the State took to honor those terms of the agreement. The trial court shall
also make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the application for writ of habeas corpus.

 The trial court shall supplement the habeas record with copies of all documents upon
which its findings are based, including copies of the plea agreement papers, affidavits from
counsel, affidavits from appropriate officials at the Texas Department of Criminal Justice,
Correctional Institutions Division, and any other relevant documents.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. The trial court shall resolve
the issues presented within ninety (90) days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred twenty (120) days of the date of
this order. (2)


 IT IS SO ORDERED THIS THE 8th DAY OF MARCH, 2006.




EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.